CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 17, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DARIUS LAKIE JOHNSON,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:26-cv-00238** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **P. ROBERTS, <u>et</u> <u>al.</u>,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Darius Lakie Johnson, a state inmate proceeding <u>pro</u> <u>se</u>, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.      Background

The events giving rise to this action occurred at Wallens Ridge State Prison, where Johnson is still incarcerated. Compl., ECF No. 1, at 1–2. According to the complaint, defendant P. Roberts told Johnson that he "would be given a loan upon sending [his] legal mail in." <u>Id.</u> at 2 (internal quotation marks omitted). Johnson never received a loan, however, and his legal mail was not logged in the outgoing legal correspondence log by defendant K. Chisenhall. <u>Id.</u> Instead, Johnson's legal mail was "destroyed." <u>Id.</u> Although defendant Nunelly reportedly received a "returned correspondence notice" pertaining to the mail, he did not deliver the notice to Johnson. <u>Id.</u> at 3. Johnson alleges that these actions and omissions occurred in July 2025. <u>Id.</u> at 2–3.

In 2026, Johnson filed a grievance regarding the matter, and defendant Vilbrandt rejected the grievance as untimely. Id. at 3. Defendant Meade upheld the intake decision and "disregarded [Johnson's] request to contact local authorities to take legal actions against the other four defendants" Id. at 3.

Based on these allegations, Johnson seeks to recover monetary damages under 42 U.S.C. § 1983. Id. at 4.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "[D]istrict courts are not the legal advocates of pro se litigants," Jackson v. Dameron, 171 F.4th 641, 650 (4th Cir. 2026), and a complaint filed without counsel "still

must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III.    Discussion

Johnson filed suit under 42 U.S.C. § 1983, which imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed Johnson's complaint, the court concludes that it fails to state a viable claim for relief under § 1983 against any of the named defendants. First, while "prisoners have protected First Amendment interests in both sending and receiving mail," Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999), "a single instance of interference with an inmate's mail is not sufficient to constitute a First Amendment violation." Fortune v. Hamberger, 379 F. App'x 116, 120 (3d Cir. 2010); see also Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation" and that inmates "must show that prison officials regularly and unjustifiably interfered with [their] legal mail"); Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (concluding that "a few isolated incidents" of a plaintiff's mail being mishandled did not give rise to a constitutional claim).

Johnson's allegations are also insufficient to state a claim for denial of access to the courts. See DeMarco v. Davis, 914 F.3d 383, 387 (5th Cir. 2019) (noting that state prisoners "have a constitutionally protected right of access to the courts that is rooted in the Petititon Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment"). To state such a claim, a plaintiff must plead facts showing that he suffered an "actual injury" as a result of an official's conduct. Lewis v. Casey, 518 U.S. 343, 351 (1996); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). In particular, the plaintiff must demonstrate that he was "frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." Gee v. Pacheco, 627 F.3d 1178, 1190 (10th Cir. 2010) (citing Lewis, 518 U.S. at 351-55); see also Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that a plaintiff asserting a claim for denial of access to the courts "must identify a 'nonfrivolous,' 'arguable' underlying claim" and that the predicate claim must "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope") (quoting Lewis, 518 U.S. at 353 and n.3). Johnson's allegations, which include no description of the legal mail at issue, plainly fail to satisfy the "actual injury" requirement.

To the extent Johnson alleges that defendants Vilbrandt and Meade failed to properly respond to his grievance, such claim is also subject to dismissal. It is well settled that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Likewise, an inmate does not have a federally protected interest in having grievances "resolved to his satisfaction," Geiger v.

4

Jowers, 404 F.3d 371, 374 (5th Cir. 2005), or "handled in any particular manner." Taek Soon Yoon v. Arnett, 385 F. App'x 666, 668 (9th Cir. 2010). Consequently, any due process claim stemming from the rejection of a grievance or the denial of a grievance appeal is "indisputably meritless." Geiger, 404 F.3d at 374.

Finally, to the extent Johnson alleges that Meade violated his constitutional rights by disregarding his request to contact local authorities regarding the other defendants' actions, such claim is also subject to dismissal. "There is no statutory or common law right, much less a constitutional right, to an investigation," Mitchell v. McNeil, 487 F.3d 374, 378–79 (6th Cir. 2007), and a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Harris v. Salley, 339 F. App'x 281, 283 (4th Cir. 2009) ("Harris does not have a constitutional right to institute criminal proceedings against Salley or to sue the defendants for failure to use their authority to do so.").

### IV.    Conclusion

For these reasons, the court concludes that Johnson's complaint fails to state a claim upon which relief may be granted. Accordingly, the court will dismiss the action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: June 16, 2026

Michael F. Urbanski
U.S. District Judge
2026.06.16
17:23:48 -04'00'

Michael F. Urbanski
Senior United States District Judge

5